**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number 1:19-cv-02034-LTB-KMT

Cheryl A. Ozuna,

    Plaintiff,

v.

Budget Control Services, Inc.,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS**

---

Defendant, Budget Control Services, Inc. (BCS), through its attorneys, respectfully submits this Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6).  BCS asserts that Plaintiff has failed to sufficiently allege a concrete injury-in-fact under the Fair Debt Collection Practices Act (FDCPA) and hence, does not have standing to assert her claims.  Alternatively, even if Plaintiff has standing, she has failed to state a plausible claim for relief.  Accordingly, BCS seeks dismissal of the Complaint under either Fed.R.Civ.P. 12(b)(1) or (6).

    **I.**    **INTRODUCTION**

This case presents two questions: Does a plaintiff who admittedly owes a debt in the amount claimed by a debt collector have standing to assert claims under the FDCPA because she was allegedly duped into entering into an installment agreement to pay the debt?  If standing is conferred, does a plaintiff have any plausible claims for relief under

the FDCPA based on the same conduct?  BCS submits the answer to both questions is resoundingly no.

Plaintiff has not satisfied the injury-in-fact requirement to confer standing to assert her claims.  Plaintiff cannot relate an injury to BCS' conduct in refusing to modify a payment plan that she pay a debt she admittedly owes and does not dispute.  The outcome would be the same even if there was no agreement.  BCS would have ultimately obtained a judgment against Plaintiff and would collect the debt through various post judgment remedies afforded to it under Colorado law.

Even if this conduct satisfies the injury-in-fact requirement Plaintiff's claims are not actionable pursuant to Rule 12(b)(6).   The conduct attributable to BCS does not, as a matter of law, rise to the level of harassment, oppression, or abuse that are per se violations of § 1692d.   Plaintiff fails to identify any false, deceptive, or misleading representations that constitute violations of § 1692e.  Assuming BCS made a verbal representation it would work with Plaintiff should she "experience a financial hardship" it does not change the fact that Plaintiff owed the full amount of the debt or that BCS was not required to enter into a payment plan.  These are not the type of representations § 1692e is designed to prohibit.  Furthermore, the conduct complained of does not resemble any of the enumerated examples of conduct specifically prohibited in § 1692f.  Entering into a payment plan that avoids a judgment and post judgment remedies such as garnishment benefit Plaintiff and do not amount to a violation of the FDCPA.  Accordingly, the Complaint should be dismissed.

## II. **FACTUAL BACKGROUND**

According to the Complaint Plaintiff owed a debt to Audubon Surgery Center in the amount of $1,569.75.[1] (ECF No. 1, ¶¶ 7, 8).  When Plaintiff defaulted on the debt, it was assigned to BCS to collect. (*Id.* at ¶9).  BCS filed a collection lawsuit against Plaintiff to collect the debt in the case captioned *Budget Control Services, Inc. v. Cheryl A. Ozuna,* El Paso County Court Case No. 19C33596 (the State Court Case).   (*Id.* at ¶ 10). Thereafter, the parties entered into a Stipulation for Payment(s) (the Stipulation) that was approved by the judge in the State Court Case.  A copy of the Stipulation and Order are attached as Exhibits A and B, respectively.[2]  The Stipulation provides that Plaintiff will pay the amount due on the debt on a monthly installment basis.

The Stipulation also provides that no judgment will enter against Plaintiff so long as she complies with the terms of payment.  Not having a judgment is important for multiple reasons.  A judgment would negatively affect Plaintiff's credit score, would result in a garnishment of Plaintiff's earnings since she is gainfully employed, and would allow BCS to record a lien in any county in which Plaintiff owned real property or would own real property within six years of the date the lien was recorded.

The Complaint does not allege that Plaintiff disputed the debt, denied the debt, or that the Stipulation inaccurately stated the amounts due on the debt.  Instead, Plaintiff

---

[1] The principal amount of the debt is $1,172.79 plus interest, attorney fees, and costs.
[2] *See Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004)  (When considering a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of matters of public record, including records from proceedings in state court matters without converting the motion to dismiss into a motion for summary judgment.)

alleges that although the Stipulation does not provide its terms may be modified or amended she was duped into signing it based on a telephone call with BCS that she could modify the monthly installment payments if she "experienced a financial hardship." (*Id.* at ¶¶ 12, 13). When Plaintiff "experienced a financial hardship" she contacted BCS to modify the payments however, BCS refused to do so and maintained that Plaintiff had to abide by the terms of the Stipulation. (*Id.* at ¶ 16). BCS further advised Plaintiff that her failure to abide with the terms of the Stipulation could result in a judgment entering her and that if a judgment entered, BCS could garnish her wages and record a lien in any county in which she owned real property. Faced with these consequences, Plaintiff decided to pay the debt as set forth in the Stipulation. (*Id.* at ¶¶ 26 and 31).

Based on this conduct Plaintiff alleges BCS violated subsections 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f. Plaintiff seeks, actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages under 15 U.S.C. § 1692k(a)(2)(A), and attorney fees and costs in accordance with 15 U.S.C. § 1692k(a)(3).

## II. LEGAL ARGUMENT

### A. Standards Governing Dismissal under Fed.R.Civ.P. 12(b)(1).

It is well settled in the Tenth Circuit that "Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks." *Paper, Allied-Industrial, Chem & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Where jurisdiction is challenged based on the face of the pleadings, the court must look to determine whether the complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as

true for purposes of the motion.  *Id.*  The Plaintiff bears the burden of establishing jurisdiction.  *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).  Much like a motion to dismiss under Rule 12(b)(6) the allegations in the complaint are taken as true however, a plaintiff must allege facts, not mere legal conclusions, in accordance with the pleading standards established in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  A plaintiff is required to "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."  *Warth v. Seldin,* 422 U.S. 490, 518 (1975).

If Plaintiff cannot maintain standing as required by Article III of the U.S. Constitution, this Court lacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  A mere statutory violation is insufficient to confer standing.  As the Supreme Court decided in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016) Article III standing requires the establishment of a concrete injury, even if a statutory violation is present.

**B.  Standards Governing Dismissal under Fed.R.Civ.P. 12(b)(6).**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations of fact, taken as true, "to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007);  *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012).   "A plaintiff must 'allege sufficient facts to establish th[e] elements' of his claim and 'advance [that] nudge [the] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  *Id.*  The Tenth Circuit has explained that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent,

then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Twombly,* 550 U.S. at 570. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "[W]hile a plaintiff need not establish a prima facie case in the complaint, the elements of each alleged cause of action help to determine whether the plaintiff has set forth a plausible claim." *Niederquell v. Bank of America, N.A.,* 2012 WL 1578060, *4 (May 4, 2012 D. Colo. 2012) (citing *Khalik,* 671 F.3d at 1192).

### C. The FDCPA

"The express purpose of passing the FDCPA was to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002). (internal quotations omitted). To state a claim under the FDCPA for improper means of debt collection, Plaintiff must make sufficient allegations to plausibly show that the means used to collect the debt are 1) harassing or abusive; 2) false, misleading, or deceptive; or 3) that such means are unfair or unconscionable. 15 U.S.C. §§ 1692d, 1692e, and 1692f.

### D. Plaintiff Does Not Have Article III Standing

A challenge pursuant to Article III of the United States Constitution is for lack of subject matter jurisdiction under Fed.R.Civ.P.12(b)(1), and should be considered as a

threshold issue because, "if [the court] must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990).

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. To invoke this power, a litigant must have standing. *Hollingsworth v. Perry,* 133 S. Ct. 2652, 2661 (2013). Standing consists of three elements: (1) an "injury-in-fact" that is (2) fairly traceable to the defendant's conduct and that is (3) likely to be redressed by favorable court decision. *Lujan, supra,* at 560. Of the three elements, injury-in-fact is "the 'first and foremost' of standing's three elements." *Spokeo v. Robins, supra,* at 1547 (2016). (internal citations omitted).

In *Spokeo* the court reaffirmed the basic concept of standing noting that to satisfy the injury-in-fact requirement, a plaintiff must show "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual and imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan* at 560).

To satisfy the particularization requirement, the plaintiff "must allege a distinct and palpable injury to himself." *Warth v. Seldin,* 422 U.S. 490, 501 (1075). (citations omitted). The injury must "affect the plaintiff in a personal and individual way." *Lujan, supra,* at 560, n. l. Claims asserting "'generalized grievance[s]' shared in substantially equal measure by all or a large class of citizens ... normally do[ ] not warrant exercise of jurisdiction." *Warth, supra,* at 499 (citations omitted).

*Spokeo* makes clear that, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo v. Robins, supra,* at 1547. "Article III standing requires a concrete injury *even in the context of a statutory violation.*" *Id.* (emphasis added). *Spokeo* reiterated the principle that a "bare procedural violation, divorced from any concrete harm [cannot] satisfy the injury-in-fact requirement of Article III." *Id.* (citations omitted).

Here, Plaintiff's Complaint alleges multiple violations of the FDCPA based on verbal representations made to induce her to enter into the Stipulation and "refusing to work with her" when she wanted to lower the monthly installment payments. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State court action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA fulfills this purpose in part by prohibiting debt collectors from engaging in abusive conduct, making false representations, and using unfair means in connection with the collection of a debt.

The Complaint fails to allege well pleaded facts that Plaintiff experienced the type of harm the FDCPA requirements prohibiting abusive debt collection practices are designed to prevent. Assuming the allegations in the Complaint are true, no injury arose

from BCS' conduct.  Plaintiff does not dispute or deny the debt, nor she deny she owes the amount claimed due.  To the contrary, by entering into the Stipulation she admits she owes the debt in the amounts claimed and agrees to pay the debt. Whether she entered into the Stipulation the result would have been the same; Plaintiff owes the debt and in the absence of the Stipulation a judgment for the amounts due would have entered against her.   At best, even if BCS' conduct amounts to a procedural violation of the FDCPA, which it denies, it does not change the fact that she owes the full amount of the debt. *See Johnson v. Midland Credit Mgmt.,* 229 F.Supp.3d 625, 629 (W.D. Mich. 2017) (quoting *Spokeo* no injury-in-fact for a procedural violation where plaintiff owed the full amount of the debt at issue); *accord, Burns v. Midland Funding, LLC,* Case No 18-cv-13637 (E.D. Mich. July 10, 2019).

Ironically, far from engaging in the types of abusive debt collection practices the FDCPA is designed to prevent, BCS' engaged in debt collection practices the FDCPA is designed to promote; insuring that debt collectors who refrain from abusive debt collection practices are not competitively disadvantaged.  *See* 15 U.S.C. § 1692(e).  Plaintiff did not pay her debt.  BCS went to court to obtain a judgment to collect the debt. BCS had no obligation to enter into the Stipulation but could have proceeded to obtain judgment and pursue post judgment remedies.

The Stipulation turned out to be a good thing for Plaintiff.  By doing so she avoided a judgment that would lower her credit score and allows her to obtain credit she may need on better terms.  The payment plan provides that commencing in June 2017 Plaintiff pay

$200.00 per month. No interest accrues so long as Defendant does not default. Had judgment entered post judgment interest would have accrued at the rate of 8% per annum. *See* C.R.S. § 5-12-102(4).

Importantly, had judgment entered, BCS could have garnished Plaintiff's earnings. A garnishment would have deducted 25% of Plaintiff's disposable income until the judgment is satisfied. *See* C.R.S. § 13-54-104(2)(a)(I)(A). Under the garnishment formula, if Plaintiff's disposable income exceeds $800.00 per month an amount in excess of $200.00 per month would have been towards the judgment. Undoubtedly, more than $200.00 per month would have paid through garnishment. Colorado's minimum wage is $11.10/hr. Art. XVIII, §15 Colorado Constitution. A person working fulltime at minimum wage has a gross income of $23,088.00/yr. or $1,924.00/mo. Assuming 33% is deducted for federal, state, and local taxes, the result is disposable income of $1,289.08. A garnishment would take 25% of that disposable income and amounts to $322.27/mo. Therefore, even assuming Plaintiff earns a minimum wage income BCS would have been able to collect a higher amount through garnishment.

Lastly, the Stipulation avoids a judgment. Therefore, BCS could not record a transcript of judgment in a county in which Plaintiff owns real property. With no encumbrance Plaintiff can sell, refinance, or purchase real property without having to satisfy the full amount of the judgment and can obtain financing on more favorable terms.

The Complaint alleges at best statutory claims without any concrete injury. The Complaint relies solely on alleged statutory violations without a showing of a specific or

concrete harm. There can be no actual harm as a result of BCS' alleged FDCPA violations where the debt is admittedly owed and the Stipulation puts Plaintiff in a better position to pay the debt than had a judgment entered. Because Plaintiff has not suffered a concrete injury-in-fact she lacks standing to pursue her claims pursuant to Article III and this case should be dismissed for lack of subject matter jurisdiction.

E. **The Complaint fails to state a claim upon which relief can be granted.**

1. *Plaintiff has failed to plead any conduct that is in violation of § 1692d.*

15 U.S.C. § 1692d sets forth a non-exhaustive list of six types of conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

The conduct alleged in the Complaint does not, as a matter of law, rise to the level of harassment, oppression, or abuse in violation of § 1692d. The alleged conduct is completely unlike the listed examples of conduct that are per se violations of the section. Indeed, the only conduct Plaintiff alleges violates the section is that BCS "harassingly told Plaintiff she would face further legal action including garnishment, property seizure, and a lien being placed on her home." (ECF No. at ¶ 28). Plaintiff surmises, without any well pleaded allegations, that BCS knew this threat would cause Plaintiff to feel harassed thereby compelling her to pay. *Id.*

The problem is that Plaintiff makes no effort to explain how the facts as alleged constitute conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. BCS did not call Plaintiff to compel her to pay. Instead, Plaintiff contacted BCS to modify the terms of the

Stipulation. *See* ECF No. 1 at ¶ 14. Plaintiff admits that in response to her request BCS informed her that breaching the Stipulation "would result in further legal action against her including garnishment, property seizure, and a lien being placed on her home." *Id.* at ¶ 15. These statements are true representations of possible remedies available to judgment creditors under Colorado law. Representations concerning the consequences of breaching the Stipulation do not amount to harassment. Furthermore, these statements could not have harassed Plaintiff "thereby compelling her to pay" because she placed the call to BCS and *already agreed to pay* when she entered into the Stipulation. Plaintiff's allegations that she was harassed are conclusory and do not adequately state a claim for relief. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) ("The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.").

> 2. *A debt collector's statement that it would work with a consumer to adjust a payment plan for an undisputed debt is not a false, misleading, or deceptive representation for purposes of the FDCPA.*

To state an actionable claim for false representation under § 1692e, Plaintiff must allege conduct that amounts to a false, misleading, or deceptive representation or a false representation of the character, amount, or legal status of the debt.

Plaintiff's claim can be distilled as follows: BCS violated the FDCPA because I was led to believe I could unilaterally change the terms of the Stipulation. However, this assertion, taken as true for a motion to dismiss, does not set forth any allegations that BCS misrepresented the character – the debt exists and the Plaintiff owes it; the amount – the agreed upon amounts of the debt are permitted either by law or the

agreement that created the debt; or legal status of the debt – the debt is not barred by the statute of limitations, discharged in bankruptcy, or released.  Hence, her § 1692e claims fail as a matter of law.

In support of her claims for false representation, Plaintiff alleges only that BCS duped her into agreeing to a payment plan for a debt she admittedly owes.  This allegation fails to present a plausible claim for relief when compromising the terms of payment of a debt is not only to Plaintiff's benefit, but is permitted under the FDCPA. *See Campuzano-Burgos v. Midland Credit Mgmt.,* 550 F.3d 294, 299 (3rd Cir. 2008) (offers that permit efficient resolution of a claim without the expense and delay of litigation are less coercive and more protective of the interests of the debtor) (quoting *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 399 (6th Cir. 1998)).

Additionally, the Stipulation permits a more efficient means for resolving the debt that actually results in a benefit to Plaintiff by avoiding a judgment and garnishment of her earnings.  The net result is a benefit to Plaintiff.  She would be worse off without the benefit conferred upon her with the Stipulation.  As she could not have been harmed by avoiding a judgment with more favorable payments than a garnishment, Plaintiff fails to state a plausible claim for relief under the FDCPA.   *See Marx v. General Revenue Corp.,* 668 F.3d 1174, 1177 (10th Cir. 2011) (FDCPA not violated when no actual harm caused).

Because the Complaint fails to allege well pleaded facts that the BCS falsely represented the character, amount, or legal status of the debt, she has not adequately pleaded a misrepresentation that is actionable under § 1692e.

> *3. There are no allegations that PBCM's conduct represents an unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C § 1692f.*

The Complaint does not allege conduct in support of the § 1692f claim that is independent of the § 1692e claim. *See* ECF No. 1, ¶ 33.  Plaintiff alleges the same conduct represents an unfair or unconscionable means to collect a debt.  As is the case with the other claims for relief, there are no well pleaded allegations to support this claim.

Section 1692f sets forth eight subsections that prohibit or restrict specific types of unfair conduct. *See* § 1692f(1)-(8) (providing nonexhaustive list of conduct including collecting unauthorized amounts of money, solicitation of a postdated check for the purpose of threatening criminal prosecution, threatening to take certain nonjudicial action and communicating by postcard). Although those prohibitions do not limit the general application of the statute, it has been interpreted to prohibit only that conduct which resembles those set forth in § 1692f. *See Maxwell v. Barney,* 2008 WL 1981666, at *5 (D. Utah 2008) (dismissing § 1692f claims when defendant's actions did not "resemble those enumerated in 15 U.S.C. § 1692f."). Accordingly, when the defendant's actions do not resemble those prohibited by § 1692f, dismissal is appropriate. *Id.*

The FDCPA does not define the terms "unfair" or "unconscionable."  Courts have construed the meaning of "unfair" as "marked by injustice, partiality or deception" and "unconscionable" as "having no conscience…unscrupulous…showing no regard for conscience…affronting the sense of justice, decency or reasonableness." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 11875, 1200 (11th Cir. 2010).

Negotiating a payment plan cannot be likened to the conduct that § 1692f prohibits. There is nothing in agreeing to settle Plaintiff's debt that is "marked by injustice" or "affronting the sense of justice, decency or reasonableness." Agreeing to enter into the Stipulation for a debt admittedly owed, that avoids a judgment, and allows Plaintiff to pay the debt on terms more favorable than had a garnishment been in effect hardly seems like an unfair or unconscionable means to collect a debt.  Indeed, Plaintiff makes the oddly peculiar assertion, without any supporting facts, that because she was duped into entering the Stipulation and placed in a better position than had a judgment entered, BCS engaged in conduct prohibited under § 1692f.

Furthermore, there are no allegations that support a § 1692f claim independent of the allegations in support of the § 1692e claims.   Because the Complaint alleges the same conduct that forms the basis of Plaintiff's § 1692e claims, the § 1692f claim must also be dismissed. *See Penn v. Cumberland,* 2012 WL 3062141, at *9 (E.D. Va. July 25, 2012). (citing multiple cases and stating that § 1692f claims that do not allege any conduct separate from § 1692e claims must be dismissed).

### IV.   CONCLUSION

Plaintiff has failed to allege a concrete injury-in-fact to assert claims under the FDCPA for a debt she admittedly owes.  The purpose of the FDCPA is to eliminate abusive debt collection practices, not to enable consumers to pay their debts on any terms they see fit.  Even if she establishes a concrete injury-in-fact the Complaint fails to state a plausible claim for relief.  Conduct that benefits Plaintiff cannot constitute a

violation of the FDCPA and fail to state an actionable claim against BCS. Accordingly, the Complaint should be dismissed with prejudice.

Respectfully submitted this 16th day of September, 2019.

*s/ Irvin Borenstein*
Irvin Borenstein
Attorney for Defendant
7200 S. Alton Way, Suite B180
Centennial, Colorado   80112
Phone:  303-468-5771
Fax:  303-768-0220
Email: irv@ibalegal.com

## CERTIFICATE OF SERVICE

I hereby certify on September 16, 2019 I served a true and correct copy of the above and foregoing Defendant's Motion to Dismiss on counsel through the ECF system, addressed as follows to:

Nathan C. Volheim, Esq.
Taxiarchis Hatzidimitriadis, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148

                                                s/ *Brittany Austin*
                                                Brittany Austin - Paralegal